Essex Cement Co., LLC v X-Treme Ready Mix, Inc. (2021 NY Slip Op 02243)





Essex Cement Co., LLC v X-Treme Ready Mix, Inc.


2021 NY Slip Op 02243


Decided on April 13, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: April 13, 2021

Before: Manzanet-Daniels, J.P., Mazzarelli, Oing, Kennedy, JJ. 


Index No. 655507/18 Appeal No. 13574 Case No. 2020-02424 

[*1]Essex Cement Company, LLC, Plaintiff-Respondent,
v
X-Treme Ready Mix, Inc., Defendant, Michael Falco, Defendant-Appellant.


Law Offices of Glenn H. Ripa, New York (Glenn H. Ripa of counsel), for appellant.
Rich Michael Magaliff, LLP, New York (Howard P. Magaliff of counsel), for respondent.



Order, Supreme Court, New York County (Andrew Borrok, J.), entered on or about March 11, 2020, which, to the extent appealed from, granted plaintiff's motion for summary judgment on its cause of action for enforcement of a personal guaranty executed by defendant Falco, unanimously affirmed, with costs.
Plaintiff established prima facie that defendant Falco is liable for debts owed to it by defendant X-Treme Ready Mix, Inc. pursuant to the personal guaranty contained in the "Application for Business and Credit Agreement" that he signed as X-Treme's president (the original guaranty). In opposition, Falco failed to raise an issue of fact.
Falco admits that he signed the agreement, but argues that the original guaranty was later rescinded by plaintiff when its sales representative asked him to sign a "Continuing Guaranty" and then, shortly after he refused to do so, advised him not to worry about it because it had been taken care of. He contends that issues of fact exist whether the sales representative's statement that he did not have to sign the Continuing Guaranty meant that plaintiff had also rescinded the original guaranty and whether he reasonably relied on that representation to believe that he no longer was personally liable for X-Treme's debts to plaintiff.
This argument is without merit. The original guaranty, which provided that it was "a continuing guaranty, unless terminated in writing," was never terminated. Thus, regardless of the events surrounding the Continuing Guaranty (on which Falco says someone forged his signature), the original guaranty remains in full force and effect (see generally MPEG LA, LLC v Samsung Elecs. Co., Ltd., 166 AD3d 13, 17 [1st Dept 2018], lv denied 32 NY3d 912 [2018]). THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 13, 2021